David A. Riggi, Esq.
Nevada Bar No. 4727
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Phone: (702) 463-7777
Fax:    (888) 306-7157
E-mail: RiggiLaw@gmail.com
**Attorney for the Debtor in Possession**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MILLOLA HOLDINGS LLC,<br><br>Debtor in Possession. | Case No.: 21-13893-ABL<br>Chapter 11<br><br>Date:   September 29, 2021<br><br>Time:  1:30 p.m. |

**STATUS REPORT OF**
**CHAPTER 11 SUBCHAPTER V REORGANIZATION**

MILLOLA HOLDINGS LLC. ("Millola" or "Debtor" or "Company"), by and through its attorney, David A. Riggi, Esq., having commenced a chapter 11 subchapter V bankruptcy on August 6, 2021, hereby presents this status report.

A.  **BACKGROUND**

Milloloa is a two member LLC, comprised of manager-member Milton Gay and his mother Joelena Gay. The assets of the Company are two condominiums: (1) 8600 West Charleston Boulevard #1192, Las Vegas, Nevada 89117 ("West Charleston Property" or "West Charleston"); and (2) 3930 University Center Drive #212, Las Vegas, Nevada 89119 ("University Property"), The West Charleston Property has a first mortgage on it. It is this first mortgage that the Debtor will propose to restructure through the plan of reorganization. The University Property

1

is owned free and clear and, as a result of this, any plan will have to satisfy all valid claims in order to meet the hypothetical liquidation analysis requirement for confirmation.

Of particular note, the West Charleston Property was acquired by the Debtor through an HOA foreclosure sale. At the time the Debtor purchased West Charleston, an issue was being litigated as to whether the HOA lien would have priority over the existing first mortgage. A court eventually determined that the first mortgage holder had priority. At the time of the purchase by the Debtor, however, the Debtor may not have been made of aware of this pending issue and/or the amount of the first mortgage. As a result of not being made aware, it is possible that the Debtor may have a claim against the HOA for any failure to disclose. HOA sale acquisition was made subject to any encumbrances on the West Charleston Property. The Debtors paid $94,200 to the HOA in May of 2018 through a quitclaim deed. The first mortgage is probably no more that $155,000. The value of West Charleston at the time of this quitclaim sale was certainly no more than this $155,000. Clearly, the Debtor has not benefitted from this transaction – paying close to $100,000 for a property that had no equity. Nevertheless, Millola is hoping to retain West Charleston through this reorganization. This subchapter V bankruptcy was commenced to stay a scheduled foreclosure sale of the West Charleston.

Also of note, the fact that the Debtor was not the original obligor on the note and deed of trust encumbering West Charleston is not a hindrance in the Debtor seeking to restructure the debt via Title 11.

B. **THE PLAN OF REORGANIZATION &**
   **THE DEBTOR'S EFFORT TOWARD CONFIRMATION**

The Debtor will timely propose a plan of reorganization that will pay all creditors 100 percent. The funding for any pre-confirmation operations will initially come, as necessary, a

combination of contributions from the LLC members and from the rents from West Charleston and the University Property.  As of now, a plan of reorganization would easily meet the feasibility requirement for confirmation – the rents alone should be sufficient to fund all disbursements to be proposed.  The United States Supreme Court and several lower courts have rendered decisions that establish this right. *See Johnson v. Home State Bank* 501 US 78, 111 S. Ct. 2150 (US 1991); *Matter of Hutcherson* 186 B.R> 546 (Bankr N.D. Ga. 1995); *Matter of Foxcroft Square Co.*, 184 B.R> 671 (E.D.Pa. 1995)

C. **SUMMARY OF STATUS**

The Initial Debtor Interview and the Meeting of Creditors have both taken place and have concluded. This subchapter V case is not complicated..  The Debtor only seeks to restructure a note and deed of trust which encumbers a property whose rent income, alone, might be sufficient for proposed monthly payments to the mortgage holder. Income from the University Property as well as contributions by the members are also available if necessary.

DATED this 21st day of September, 2021.

*/s/ David A. Riggi*
David A. Riggi, Esq.
Nevada Bar No. 4727
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
**Attorney for the Debtor in Possession**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

| **Description of Expenditure** | **Amount** |
|---|---:|
| Rent | 7000.00 |
| Utilities | 2500.00 |
| Insurance | 300.00 |
| Payroll (employees and independent contractors) | 58,500.00 |
| Taxes | 5000.00 |
| Miscellaneous | 1000.00 |
| **TOTAL OF PROPOSED MONTHLY EXPENDITURES:** | **$74,300** |

27
28

| **Description of Income Category** | **Amount** |
|---|---:|
| Provider Type 14, Mental Health | 12,500.00 |
| Teen Challenge Inpatient Rehab | 2500.00 |
| Dept of Juvenile Justice Services | 2000.00 |
| Provider Type 20, General and Family Practice | 12,500.00 |
| Provider Type 17, Drug and Alcohol Rehab | 17,500.00 |
| Adult High School | 33,000.00 |
| **TOTAL OF PROJECTED MONTHLY INCOME:** | **$80,000** |

Accordingly, when comparing the prospective monthly income of $ 80,000 with the projected monthly expenditure total of $74,300, a surplus of $5700 results. This surplus will be sufficient for plan feasibility.

DATED this 26th day of July, 2019.

/s/ David A. Riggi
David A. Riggi, Esq.
Nevada Bar No. 4727
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
***Attorney for the Debtor in Possession***