David A. Riggi, Esq. (#4727)
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Phone: 1-702-463-7777
Fax:    1-888-306-7157
E-mail: RiggiLaw@gmail.com

**UNITED STATE BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

MILLOLA HOLDINGS LLC,
          Debtor in Possession.

Case No.: 21-13893-ABL
Chapter 11
Subchapter V
Trustee: Timothy Nelson

**DEBTOR'S *EX PARTE* MOTION FOR ORDER RE:**
**FIXING OF DATES, DEADLINES & RELATED PROCEDURES, AND**
**APPROVAL OF THE FORM OF BALLOTS,**
**IN THE DEBTOR'S SUBCHAPTER V CASE AND ITS**
<u>**PROPOSED SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**</u>

MILLOLA HOLDINGS. LLC, a Nevada limited liability company, as debtor and debtor in possession ("Debtor"), submits this *ex parte* motion ("Motion") seeking approval pursuant to, as applicable, Bankruptcy Code section 105(d)(2)(B), Federal Rules of Bankruptcy Procedure 3017 and 3020, Interim Bankruptcy Rule 3017.2 (as made applicable by Administrative Order 2020-01 of the United States Bankruptcy Court for the District of Nevada), and Rule 3017(a) of the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, for an order fixing dates and deadlines, as well as approving the form of ballots, relating to the Debtor's *Second Amended Chapter11 Plan of Reorganization* (the "Plan") filed on November 4, 2021, at **ECF No. 24**.

1

**Jurisdiction and Venue**

1. On August 6, 2021, the Debtor commenced a voluntary Chapter 11 case in the United States Bankruptcy Court for the District of Nevada. Accordingly, the Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is a small business debtor that elected to be treated under Subchapter V.

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**Legal Analysis**

3. Interim Bankruptcy Rule 3017.2 allows the Court to fix the following dates in a chapter 11 case under Subchapter V of title 11 of the Bankruptcy Code: (a) a time within which the holders of claims and interests may accept or reject the Plan; (b) a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan; (c) a date for the hearing on confirmation; and (d) a date for transmission of the plan, notice of the time within which the holders of claims and interests may accept or reject the plan, and notice of the date for the hearing on confirmation. Additionally, Local Rule 3017(a) generally allows the Court to approve the entry of an order implementing expedited confirmation procedures in chapter 11 cases (Local Rule 3017(d), Fed. R. Bankr. P. 3017.1 applies to all non-small business cases filed in the District of Nevada). Also, section 105(d)(2) of the Bankruptcy Code allows the Court, on its own

motion or on the request of any party in interest, and "unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure" to issue an order at a status conference "prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that--. . . (ii) sets a date by which the debtor . . . shall solicit acceptances of a plan." 11 U.S.C. § 105(d)(2)(B)(ii).

### Solicitation Packages and Distribution Procedures

4. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan. As provided in the Plan, all Classes of creditors are impaired, and therefore solicitation of these Classes is required. Following the entry of order approving this Motion, the Debtor proposes to distribute packages (the "Plan Packages") consisting of: (i) the Plan, including all exhibits thereto; (ii) the order granting this Motion in the form attached as **Exhibit 1** ("Procedures Order"); (iii) the confirmation hearing notice substantially in the form attached as **Exhibit 2** ("Hearing Notice"); and (iv) the appropriate form of ballot as proposed herein *infra*.

### Form of Ballot; Ballot Deadline; Ballot Summary

5. Pursuant to the Plan, there are two (2) classes of claims voting on the Plan, which are Classes 1 and 2, and thus those classes will receive ballots. The Debtor's form of ballot, attached hereto as **Exhibit 3**, is consistent with Official Form 314. Pursuant to Bankruptcy Rule 3017.2(a), the Debtor requests that the Court set **December 15, 2021** (the "Ballot Deadline") as the deadline within which the holders or claims and interests may accept or reject the Plan, and

that such ballots be actually received by the Debtor's counsel. The Debtor will file a Certification of Acceptance and Rejection of Chapter 11 Plan (the "Ballot Summary") by **December 18, 2021** (the "Ballot Summary Deadline"), which is in conformance with Local Rule 3018.

### Confirmation Hearing and Briefing Deadlines

6. In accordance with Bankruptcy Rule 3017.2(c), the Debtor requests that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled on **December 22, 2021, at 1:30 p.m.** The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or by the Debtor without further notice other than adjournments announced in open court at the hearing or any subsequent adjourned confirmation hearing, and the Plan may be modified pursuant to section 1193 of the Bankruptcy Code and its terms, prior to, during or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest. The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable Debtor to pursue confirmation of the Plan in a timely fashion. Originally, the Debtor had obtained a hearing date and time from the clerk of May 18, 2021, at 9:30 a.m. However, obtaining certain stipulations (one already filed, another to be filed soon), and how those stipulations might have affected any amendments to the Plan, required more time than originally contemplated. As a result, a new date and time (June 8, 2021, at 9:30 a.m.) was obtained from the clerk.

7. The Debtor requests that the Court require any and all objections to confirmation of the Debtor's Plan (collectively, the "Objections"), as well as any declarations or affidavits in support of such Objections, be filed by **December 15, 2021** (the "Objection Deadline"), and that any replies thereto be required to be filed by **December 18, 2021** (the "Reply Deadline").

8.  Further, pursuant to Bankruptcy Rule 3020(b)(1), the Debtor requests that the Court order that any creditor or party-in-interest who fails to object to confirmation of the Plan by the Objection Deadline, fails to file such objection in writing and otherwise in compliance with Local Rule 9014, and/or otherwise fails to timely serve such objection, shall be deemed to have waived any objection to confirmation of the Plan.

### Notice of the Confirmation Hearing

9.  Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan. In accordance with Bankruptcy Rules 2002 and 3017(d), Bankruptcy Rule 3017.2(d), and as set forth above, the Debtor proposes to provide to all creditors and parties in interest a copy of the Hearing Notice setting forth: (i) the Ballot Deadline; (ii) the Objection Deadline; and (iii) the time, date, and place for the Confirmation Hearing. As also set forth above, such notice will be sent contemporaneously with the Plan Packages. The Debtor will transmit all of the foregoing within one (1) business day of entry of the Order approving this Motion. The Debtor submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Bankruptcy Court approve such notice as adequate.

### Conclusion

WHEREFORE, the Debtor requests that the Court enter the Procedures Order thereby determining and ordering, *inter alia*, as follows:

1. The Hearing Notice for the Confirmation Hearing on the Plan is approved.

2. The Debtor is authorized to distribute the Plan Packages, and such distribution shall constitute compliance with Bankruptcy Rule 3017(d).

3. Scheduling the following deadlines and dates:

   a. Objection Deadline: **December 15, 2021,** is fixed as the last day for filing and serving written Objections to confirmation of the Plan, as well as any affidavits or declarations in support of such Objections;

   b. Ballot Deadline: **December 18, 2021,** is fixed as the last day for the Debtor's counsel to *actually receive* any completed ballots for voting on the Debtor's Plan;

   c. Reply Deadline: **December 18, 2021**, is fixed as the deadline for the Debtor to file a reply to any timely filed Objections to confirmation of the Plan, and a brief and declaration(s) in support of confirmation of the Plan;

   d. Ballot Summary Deadline: **December 18.2021,** is fixed as the deadline for the Debtor's filing of the Ballot Summary regarding the Plan; and

   e. Confirmation Hearing: **December 22, 2021, at 1:30 p.m.,** is fixed as the date and time for the Confirmation Hearing on the Plan.

4. Granting the Debtor such other and further relief as is just and proper.

Dated: November 17, 2021

By: */s/ David A. Riggi*
RIGGI LAW FIRM
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149

Attorney for the Debtor in Possession