David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Ph.:    1-702-463-7777
Fax:    1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for the Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MILLOLA HOLDINGS LLC,<br>   Debtor in Possession. | Case No.: 21-13893-ABL<br><br>Chapter 11<br><br>Hearing Date:  April 5, 2023<br><br>Hearing Time:  1:30 p.m. |

### DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE FIRST AMENDED PLAN OF REORGANIZATION

The Debtor in Possession, through its counsel, David A. Riggi, Esq., hereby files this Memorandum of Law in Support of Confirmation of its First Amended Plan of Reorganization (the "Plan," at **ECF No. 69**).  This Memorandum/Brief ("Brief") is offered to support the record of any arguments to be made at the hearing on this matter. No objections have been filed against confirmation and the only votes have been in favor of confirmation.  As such, the Plan should be confirmed and as being consensual.

1

**1.    Introduction.**

Standard accepted Chapter 11 reorganization process places the burden of demonstrating that a proposed chapter 11 plan of reorganization satisfies section 1129 of the Bankruptcy Code by a preponderance of the evidence. *See , Liberty Nat'l Enters v. Ambanc In re Ambanc LaMesa Ltd. P'ship*)115 F.3d 650, 653 (9th Cir. 1997). This same burden of proof seems to also apply, pursuant to section 1191 of the Bankruptcy Code, to Subchapter V plans as well. *See, e.g. Grogan v. Garner*, 498 U.S. 279, 286 (1991) (noting that the language of the Bankruptcy Code does not prescribe the standard of proof, and thus that "[b]ecause the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, it is presumed that this standard is applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake.").

Section 1191(a) and (b) of the Bankruptcy Code provide as follows:

> (a) Terms. The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.
> (b) Exception. Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1191(a) and (b).

*See also In re Seven Stars on the Hudson Corp*., 618 B.R. 333 (Bankr. S.D. Fla. 2020) 339-341 (Bankr. S.D. Fla. Aug. 7, 2020) (detailing many of the benefits of new Subchapter V of the

Bankruptcy Code).

The Debtor only has two creditors, and each has filed a proof of claim and each has voted in favor of the Plan. All requirements of section 1129(a) are met, other than the inapplicable paragraphs of that subsection. Also, a main requirement for confirmation <u>even if</u> the plan were nonconsensual – that it does not discriminate unfairly and is fair and equitable – is also fulfilled.

**2. Section 1129(a)(1) is Satisfied Because the Plan Complies with All Applicable Provisions of the Bankruptcy Code.**

Pursuant to section 1129(a)(1) of the Bankruptcy Code, a plan must "compl[y] with the applicable provisions of [the Bankruptcy Code]." The legislative history of section 1129(a)(1) explains that this provision encompasses the requirements of sections 1122 and 1123 which govern classification of claims and contents of a plan. H.R. Rep. No. 95- 595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978). *See In re Cardsystems Solutions, Inc.,* 2007 WL 4166184, *8–9 (Bankr. Ariz. 2007). As explained below, the Plan complies with the requirements of sections 1122 and 1123.

**(a) The Plan Complies with Section 1122 of the Bankruptcy Code.**

Section 1122(a) of the Bankruptcy Code authorizes multiple classes of claims or interests as long as each claim or interest within a class is substantially similar to other claims or interests in that class. 11 U.S.C. § 1122. Under section 1122(a), the relevant inquiry is whether all claims of a class have substantially similar legal rights with respect to the debtor's assets. A plan proponent is afforded significant flexibility in classifying claims under section

3

1122(a) if there is a reasonable basis for the classification and if all claims within a particular class are substantially similar. See *In re Elmwood, Inc.,* 182 B.R. 845, 849 (D. Nev. 1995), citing *In re Montclair Retail Center,* 177 B.R. 663, 665 (B.A.P. 9th Cir. 1995).

Other than Administrative Expense Claims, which are not classified and are separately treated, creditors' potential claims are divided into 4 Classes (1, 2A, 3 and 4). Classes 1 has no members and Class 4 is comprised of the Debtors' equity interests. In other words, there really are only two classes with any creditor member – Classes 2A and 3 – and each is a one member class. The classification scheme of the Plan is based upon differences in the legal nature and/or priority of the claims against the Debtor's estate. Accordingly, and as set forth in detail below, the classification of claims in the Plan complies with section 1122 of the Bankruptcy Code.

When separate creditors hold claims secured by a different note and deed of trust, such creditors are generally entitled to separate classification. *In re Commercial Western Finance Corp.,* 761 F.2d1329, 1338 (9th Cir. 1985), citing 5 Collier on Bankruptcy ¶ 1122.03[6] at 1122-12 (15th ed.1984). Class 2A is a one member classes comprised of a distinctive secured creditor – the mortgage holder on the property. Class 3 is solely comprised a single unsecured creditor. Thus, the Debtor's classification scheme does not violate the Bankruptcy Code. Moreover, no creditor objected to either the classification scheme or treatment under the Plan.

**(b) The Plan Complies with Section 1123(a) of the Bankruptcy Code.**

Section 1123(a) of the Bankruptcy Code sets forth eight mandatory requirements,

dependent on applicability of the requirement. As described below, the Plan complies fully with each applicable requirement:

1123(a)(1): **Article 4** of the Plan designates the classes of claims which contain only claims that are substantially similar to each other (each impaired class only has one member);

1123(a)(2): **Article 4** of the Plan specifies classes that are not impaired;

1123(a)(3): **Article 4** of the Plan sets forth the treatment of each the impaired classes; 1123(a)(4): **Article 4** provides for the same treatment of claims within each class (once again, (each impaired class only has one member); 1123(a)(5): **Article 7** of the Plan sets forth the means for implementation of the Plan; 1123(a)(6): Because the Plan does not proposes a "transfer," and because there are no proposed mergers or consolidations, this section is inapplicable; 1123(7): Because there is no provision for any selection of new - or successor to current - officers, directors or trustees, this section is inapplicable; and 1123(a)(8) is inapplicable because it is only applicable to debtors that are individuals.

**(c) The Plan Complies with Section 1123(b) of the Bankruptcy Code.**

Section 1123(b) sets forth the permissive provisions that may be incorporated into a chapter 11 plan. In accordance with section 1123(b), the Plan and the transactions contemplated therein represent an effort to compromise between the Debtor and each of its creditor constituencies. Such a compromise is explicitly contemplated by section 1123(b)(3)(A) of the Bankruptcy Code which states that a chapter 11 plan may provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate." The

standards for approval of settlements are well established and require a court to inquire into the reasonableness of the proposed settlement. See, e.g., *In re Washington Public Power Supply System Securities Litigation,* 720 F.Supp. 1379, 1387 (D. Ariz. 1989). The inquiry is whether the settlement falls below "the lowest point in the range of reasonableness." *In re Milden,* 111 F.3d 138, (9th Cir. 1997). The treatment of the mortgage holder, payment in full of the claim, is well above the lowest point in the range of reasonableness.

### 3. Section 1129(a)(2) is Satisfied Because the Debtors Complied with All Applicable Provisions of the Bankruptcy Code.

Section 1129(a)(2) of the Bankruptcy Code requires that the plan proponent "compl[y] with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(2). The legislative history to section 1129(a)(2) reflects that this provision is intended to encompass . . . solicitation requirements under sections 1125 and 1126 of the Bankruptcy Code. See H.R. Rep. No. 95-595, at 412 (1977); S. Rep. No. 95-989, at 126 (1978)

Separately, each holder of a claim received the solicitation materials required for holders of claims entitled to vote, proper notice of all applicable hearings and deadlines, and the plan, Liquidation Analysis, Feasibility Analysis and ballots. These documents were transmitted in connection with the solicitation of votes to accept the Plan in compliance with section 1125 of the Bankruptcy Code.

Section 1126 of the Bankruptcy Code specifies the requirements for acceptance of the Plan. Under section 1126, only holders of allowed claims in impaired classes of claims may vote to accept or reject the Plan. In accordance with section 1126 of the Bankruptcy Code,

the Debtor solicited acceptances of the Plan from the holder of all allowed claims. The class claimants were given the opportunity to exercise their right to vote. Based upon the foregoing, the Debtor complied with the Court's orders, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Court Rules of the District of Nevada. The requirements of section 1129(a)(2) are satisfied.

**4. Section 1129(a)(3) is Satisfied Because the Plan has been Proposed in Good Faith and not by any Means Forbidden by Law.**

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." The Ninth Circuit has stated that the good faith standard requires, beyond "[h]onesty and good intentions," that there is "some prospect that the affairs can be reorganized" effectively. *In re BBT*, 11 B.R. 224, 235 (Bankr. D. Nev. 1981)(citations omitted.) Generally, a chapter 11 plan is filed in good faith if the plan proponent has exhibited "a fundamental fairness in dealing with [the] creditors" and if the plan "will achieve a result consistent with the objectives and purposes of the Code." *In re Jorgensen,* 66 B.R. 104, 109 (Bankr. 9th Cir. 1986) (a chapter 11 plan is filed in good faith if the plan proponent has exhibited "a fundamental fairness in dealing with [the] creditors" and if the plan "will achieve a result consistent with the objectives and purposes of the Code.) Congress has recognized that the continuation of the operation of a debtor's business as a viable entity benefits the national economy through the preservation of jobs and continued production of goods and services and thus, the primary goal of chapter 11 of the Bankruptcy Code is to promote financial restructuring. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 528 (1984)("[The]

fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources.").

The Debtor's chapter 11 case was prosecuted, and the Plan was proposed, with these goals in mind. Pursuant to the Plan, the Debtor will affect a restructuring of finances that will adjust future debt service on a large amount of pre-bankruptcy obligation as well as satisfying all debt in full.

**5. Section 1129(a)(4) is Satisfied Because the Plan Provides for Court Approval of Payments Made by the Debtor for Services or Costs and Expenses.**

Section 1129(a)(4) of the Bankruptcy Code requires that certain professional fees and expenses paid by the plan proponent, by the debtor, or by a person receiving distributions of property under the plan, be subject to approval by the Court as reasonable. 11 U.S.C. § 1129(a)(4). Section 1129(a)(4) has been construed to require that all payments of professional fees that are made from estate assets be subject to review and approval as to their reasonableness by the Court. See *In re First Mangus Financial Corp.,* 2008 WL 450447, *4 (Bankr. D. Ariz.); see also *In re Johns-Manville Corp.,* 68 B.R. at 632; 7 Collier on Bankruptcy ¶ 1129.03[4], at 1129-38 (15th ed. 1999). In the instant case, no post-petition payment for services or costs in connection with the chapter 11 case or the Plan has been made by any party other than payments that will be "allowed under § 503 of the Code." See **Article 3.02** of the Plan. Thus, the Plan complies with the requirement of section 1129(a)(4) of the Bankruptcy Code.

**6. Section 1129(a)(5) is Satisfied Because the Plan Proponent has Disclosed the Officers of the Debtor.**

Section 1129(a)(5) requires that the plan proponent of the plan to disclose corporate governance and whether any insiders will be retained or employed by a debtor. The status of the Debtor remains, and will remain intact, with the current manager-members to continue. This disclosure, made herein, is also disclosed through the "*Declaration of Milton Gay*" (filed contemporaneously with this Brief).

**7. Sections 1129(a)(6), (a)(13), (a)(14), (a)(15) and (a)(16) are Not Violated Because They are Not Applicable in this Case.**

Section 1129(a)(6) requires that any regulatory commission having jurisdiction over the rates charged by the reorganized debtor in the operation of its businesses approve any rate change provided for in a plan – the Plan does not propose any rate changes. Section 1129(a)(13) requires that a debtor continue retiree benefits, of which the Debtor has none. Section 1129(a)(14) requires that the debtor continue domestic support obligations, of which the Debtor, as an LLC, also has none. Section 1129(a)(15) is specifically noted as being inapplicable to Subchapter V cases, *See* 11 U.S.C. 1181(a). Section 1129(a)(16) relates to certain types of transfers – the Debtor has not proposed any such transfers in the Plan.

**8. Section 1129(a)(7) is Satisfied Because the Plan is in the Best Interests of All of the Debtor's Creditors.**

Section 1129(a)(7) of the Bankruptcy Code requires that a plan be in the best interests of creditors. Specifically, section 1129(a)(7) provides in pertinent part:

9

> With respect to each impaired class of claims or interests—
> (A) each holder of a claim or interest of such class—
> (i) has accepted the plan; or
> (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date . . . .

11 U.S.C. § 1129(a)(7).

As section 1129(a)(7) makes clear, the best interests test applies only to non-accepting holders of impaired claims or equity interests. Because all creditors have accepted the Plan, this analysis is offered as further evidence of the Debtor's good faith and as a hypothetical that, only upon an unforeseen occurrence, can become substantively applicable. The best interests test focuses on individual dissenting parties rather than classes. See *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 No. LaSalle St. P'ship,* 526 U.S. 434, 441 n. 13 (1999). The test requires the plan proponent to demonstrate that, within each class, any dissenting claim holder or interest holder would receive under the chapter 11 plan not less than the amount such holder would receive in a chapter 7 liquidation. Id. See also *In re M. Long Arabians,* 103 B.R.. 211, 216 – 217 (B.A.P. 9th Cir. 1989); *United States v. Reorganized CF&I Fabricators of Utah, Inc.,* 518 U.S. 213, 228 (1996)..

**9.    Although Section 1129(a)(8) Has Been Satisfied, and it is Not Required to Analyze If the Plan Does Not Discriminate Unfairly and is Fair and Equitable, Such An Analysis Is in Favor of Confirmation.**

Section 1129(a)(8) of the Bankruptcy Code requires that each class of impaired claims or interests accepts the plan or is not impaired under the plan. The two voting impaired

class holders have voted affirmatively in favor of the Plan. Thus, section 1129(a)(8) has been met. Nevertheless, even if, hypothetically (in a manner similar to section 1129(a)(7) analysis, above), 1129(a)(8) were not met, the analysis would indicate that the Plan does not discriminate unfairly and is fair and equitable. Section 1191 provides in pertinent part that: if all of the applicable requirements of Section 1129(a), other than Section 1129(a)(8), (a)(10) and (a)(15) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph "if the plan does not discriminated unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b).

### (a) The Plan Does Not Unfairly Discriminate.

The Bankruptcy Code does not prohibit discrimination among classes; it prohibits only discrimination that is "unfair." *In re Corcoran Hosp. Dist.,* 233 B.R. 449, 455 (Bankr. E.D. Cal. 1999); *see also In re 11, 111, Inc.,* 117 B.R. 471, 478 (Bankr. D. Minn. 1990). The weight of pre-Subchapter V judicial authority holds that a plan unfairly discriminates only if classes comprising similarly situated claims or interests receive treatment under the plan that is not equivalent and there is no reasonable basis for the disparate treatment. See *In re Tucson Self-Storage, Inc.,* 166 B.R. 892, (B.A.P. 9th Cir. 1994). There is no reason or indication that there would be a different application of this standard under Subchapter V. Accordingly, as between two classes of claims, there is no unfair discrimination if the classes are comprised of dissimilar claims or interests. *See*, e.g., *In re Eitemiller,* 149 B.R. 626, 630 (Bankr. D. Idaho 1993); *In re Gallipo,* 282 B.R. 917, 920 (Bankr. E.D. Wash. 2002). *In re Johns- Manville Corp.,*

68 B.R. at 636. In the instant case, because each class of claims is of a different legal nature and priority, there is no unfair discrimination between such classes.

### (b) The Plan is Fair and Equitable.

Section 1191(c) of the Bankruptcy Code provides that the condition that a plan be fair and equitable includes the following three (3) requirements:

> (1) With respect to a class of secured claims, the plan meets the requirements of section 1129(b)(2)(A) of this title.
>
> (2) As of the effective date of the plan
> (A) the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period . . .; or
> (B) the value of the property to be distributed under the plan in the 3-year period . . . is not less than the projected disposable income of the debtor.
>
> (3) (A)(i) The debtor will be able to make all payments under the plan; or (ii) there is a reasonable likelihood that the debtor will be able to make all payments under the plan; and
> (B) the plan provides appropriate remedies . . . to protect the holders of claims or interests in the event that the payments are not made.

11 U.S.C. § 1191(c).

Each of these 3 requirements have been met. First of all, the treatment of the secured claim, analyzed under Section 1129(b)(2)(A), is the retention of the liens and deferred cash payments in an appropriate amount. Secondly, the Plan proposes to distribute, over 3 years, an amount that is roughly equal to the disposable income as indicated in the Liquidation Analysis. As to the third item, based on fair projections in the Feasibility Analysis and the "*Declaration of Milton Gay*" (filed contemporaneously with this Brief) there is at least a reasonable likelihood that payments will be made under the Plan. Finally, the Plan provides

appropriate remedies if payments aren't made because this Court retains jurisdiction for any creditor to seek redress if plan payments are not timely made (**Article 8.08**).

### 10. Section 1129(a)(9) is Satisfied Because the Plan Provides for Payment in Full of All Allowed Administrative and Priority Claims.

Section 1129(a)(9) of the Bankruptcy Code requires that persons holding claims entitled to priority under section 507(a) receive specified cash payments under the plan unless the holder of such a claim agrees to a different treatment. In accordance with sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, **Article 3.02** of the Plan provides that each holder of an Allowed Administrative Claim will be paid. Therefore, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

### 11. Section 1129(a)(10) is Satisfied Because Impaired Classes Voted for the Plan.

Section 1129(a)(10) of the Bankruptcy Code requires the affirmative acceptance of the Plan by at least one class of impaired claims, "determined without including any acceptance of the plan by any insider." The Plan satisfies this requirement.

### 12. Section 1129(a)(11) is Satisfied Because the Plan is Feasible.

Section 1129(a)(11) of the Bankruptcy Code requires that the Court determine that the Plan is feasible as a condition precedent to confirmation. The feasibility test set forth in section 1129(a)(11) requires the Court to determine whether the Plan is workable and has a reasonable likelihood of success. See *United States v. Energy Resources Co.,* 495 U.S. 545,

549 (1990); *In re Sagewood Manor Associates Ltd. Partnership,* 223 B.R. 756, 762 (Bankr. D. Nev. 1998). The key element of feasibility is whether there exists a reasonable probability that the provisions of the plan can be performed. The purpose of the feasibility test is to protect against visionary or speculative plans, "which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *Pizza of Haw., Inc. v. Shakey's, Inc.,* 761 F.2d 1374, 1382 (9th Cir. 1985) (citing 5 Collier on Bankruptcy ¶ 1129.02, at 1129-36.11 (15th ed. 1984)). For purposes of determining whether the Plan satisfies the feasibility standard, the Debtor analyzed, in its Feasibility Analysis, and as set forth in the *"Declaration of Milton Gay"* its ability to fulfill its obligations under the Plan."Additionally, [a p]lan does not require Debtor to meet its projections to succeed…. if Debtor's projections are [] fanciful …Debtor may not receive a discharge, but it will comply with Plan requirements." *Legal Serv. Bureau, Inc. v. Orange Cnty. Bail Bonds, Inc. (In re Orange Cnty. Bail Bonds, Inc.)*, 638 B.R. 137, 148 (B.A.P. 9th Cir. 2022).

Finally, the Feasibility Analysis projections were prepared based upon reasonable assumptions and represent a fair estimate of the Debtor's likely future revenues. As such, the Debtor has demonstrated an ability to make all payments required. Accordingly, the confirmation of the Plan is not likely to be followed by the liquidation or the need for further reorganization of the Debtor and, thus, satisfies the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

**13.   Section 1129(a)(12) is Satisfied Because the Plan Provides for the Payment of all Statutory Fees.**

Section 1129(a)(12) requires the payment of "[a]ll fees payable under section 1930 [of title 28, United States Code], as determined by the court at the hearing on confirmation of the plan." 11 U.S.C. § 1129(a)(12). Section 507 of the Bankruptcy Code provides that "any fees and charges assessed against the estate under [section 1930 of] chapter 123 of title 28" are afforded priority as administrative expenses. 11 U.S.C. § 507(a)(1). In accordance with sections 507 and 1129(a)(12) of the Bankruptcy Code, the Plan provides that all such fees and charges payable will be paid pursuant to the Plan. *See* **Article 3.04** of the Plan. Thus, the Plan satisfies the requirements of section 1129(a)(12).

**14.   Conclusion.**

The First Amended Plan of Reorganization complies and satisfies all of the requirements of sections 1191 and 1129 of the Bankruptcy Code and, thus, should be confirmed. Accordingly, the Debtor requests that the Court confirm the Plan pursuant to section 1191 and that the confirmed Plan be determined to be consensual.

Dated this 31st day of March, 2023.

Respectfully Submitted,

*/s/ David A. Riggi*
David A. Riggi, Esq.
Attorney for the Debtor in Possession