.
David A. Riggi, Esq. NV Bar No. 4727
7900 W. Sahara Ave. Suite 100
Las Vegas, Nevada 89117
Telephone: 1-702-463-7777
Facsimile: 1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for the Debtor*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| In re: | Case No.: BK-21-13893-ABL |
|---|---|
| MILLOLA HOLDINGS LLC, | Chapter 7 |
| Debtor. | Date: OST PENDING<br>Time: OST PENDING |

## MOTION TO REINSTATE AND/OR CONVERT TO CHAPTER 11, OR DISMISS CHAPTER 7

Debtor, Millola Holdings, LLC ("Debtors), by and through its undersigned counsel, hereby respectfully submits this motion (the "Motion") seeking: (1) that this case be reinstated to the status of rhe Chapter 11; and/or (2) that this case be converted to a Chapter 11 or (3) that this Chapter 7 case be dismissed

This Motion is made and based on the points and authorities filed herewith, the papers and pleadings on file herein, , and any argument of counsel presented to the Court at the time of a hearing on the Motion.

# I.
# STATEMENT OF FACTS

1. On August 6, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, thereby commencing their above-captioned bankruptcy case (the "Chapter 11 Case"). The Debtor continued to operate its businesses and manage their properties as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On April 28, 2022, an order was entered approving a stipulation between the Debtor and Deutsche Bank National Trust Company ("Deutsche"). **ECF No. 52.** The Debtor has, and has continued to, perform all the payment obligations under the stipulation.

3. On January 31, 2023 the Debtor filed its Chapter 11 subchapter V plan of reorganization ("Plan"). **ECF No. 69.**

4. On February 21, 2023, in order was entered approving a stipulation between the debtor and the US Trustee. **ECF No. 77**. This stipulation provided that the Debtor shall confirm a plan no later than May 1, 2023. The stipulation further provided that if the debtor failed to confirm a plan by that date than an order converting the case to one under Chapter 11 was to be submitted by the US Trustee.

5. On April 5, 2023, a confirmation hearing was held and the court verbally confirmed the Plan. Through inadvertence and excusable neglect[1], the Debtor failed to upload an order confirming the Plan.

6. On November 30, 2023, pursuant to the UST stipulation and order, the Chapter 11 Case was converted to one under Chapter 7 (the "Chapter 7 Case). **ECF No. 89.**

---

[1] Counsel for the Debtor has had, on-going health issues during the applicable time period. Also, through an unfortunate coincidence, the principal of the Debtor has had health issues during the approximate same time period – that principal is still convalescing and in therapy. Further details can be provided to the Court, as the Court deems necessary.

2

7. <u>The current Chapter 7 Case has only one creditor</u>, the completely secured first mortgage holder, Deutsche. Only three entities filed proofs of claim: (1) Deutsche Bank (POC No. 2-2); (2) JPMorgan Chase Bank (POC No. 1-2) – which has been completely paid: (3) the Internal Revenue Service (POC No.3-1) with a claim amount of $200, which will have been completely paid by the time of hearing on any hearing on this Motion, if not already paid. The bankruptcy schedules only list Deutsche and JPMorgan as creditors. **ECF No. 19.**

## II.
## LEGAL ARGUMENT

8. "[Federal}Rule [of Civil Procedure] 60 explicitly provides [for]… a motion for relief from a judgment or order — such as a motion for reinstatement…." *In re Pattullo*, 271 F.3d 898, 902 (9th Cir. 2001). In this case, "reinstatement" is meant to be a return to the status quo in the Chapter 11 Case. This would include the ability of the Debtor to immediately upload an order confirming the Plan. No creditor (in this case, that would mean the only creditor, Deutsche) would be prejudiced by such a reinstatement. Procedurally, a combination of reinstatement and conversion to Chapter 11 would seem to be possible and, therefore, is offered as a possible result.

9. Alternatively, the Debtor arguably has the right to have the case converted to Chapter 11. In any event, the decision is clearly within the discretion of the court:

> Section 706(b) provides that a bankruptcy court may convert a Chapter 7 case to a Chapter 11 case at any time. 11 U.S.C. § 706(b). Congress left "[t]he decision whether to convert" a case under § 706(b) to "the sound discretion of the court, basedon what will most inure to the benefit of all parties in interest." H.R. Rep. No. 95-595, at 380 (1977); S. Rep. No. 95-989, at 94 (1978)
>
> *S. River Capital, LLC v. Kane (In re Kane)* No. 22-16253 (unpublished decision – Nov 15, 2023) (9th Cir. 2023).

3

10. As a further Alternative, should the court conclude that the case should not be either (1) reinstated, or (2) converted and reinstated, or (3) merely converted, the Debtor asks that the case be dismissed. There is only one creditor, and the creditor can avail itself of any of its rights outside of the context of bankruptcy court, without the need of a Chapter 7 trustee to administer those rights.

### III.
### CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court grant the Motion, and either (1) merely reinstate the Chapter 11 case; (2) convert the case to Chapter 11 and, as necessary, determine that the status is reinstatement; (3) merely convert the case to Chapter 11; or (4) dismiss, without prejudice, the Chapter 7 Case.

DATED: December 14, 2023.

By: /s/ David Riggi
DAVID A. RIGGI, ESQ.
7900 W. Sahara Ave., Suite 100
Las Vegas, Nevada 89117
*Attorney for the Debtor*