Terri H. Didion, Assistant United States Trustee       E-Filed:  December 27, 2023
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
*Email:*  edward.m.mcdonald@usdoj.gov
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300, Las Vegas, NV 89101
Cell:  (202) 603-5222
Tel.: (702) 388-6600, Ext. 234
Fax: (702) 388-6658
Attorneys for the U.S. Trustee for Region 17
          TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br>**MILLOLA HOLDINGS LLC,**<br><br>          Debtor. | Case No: BK-S-21-13893-ABL<br>Chapter 7<br><br>Date:  OST Requested<br>Time:  OST Requested<br>Location:  Foley Courtroom 1, Telephonic |

**OPPOSITION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO THE MOTION TO REINSTATE AND/OR CONVERT TO CHAPTER 11, <u>OR DISMISS CHAPTER 7</u>**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby opposes (the "Opposition") to the *Motion to Reinstate and/or Convert to Chapter 11, or Dismiss Chapter 7* [ECF No. 99] (the "Motion") filed by captioned debtor Millola Holdings LLC ("Debtor").[1]

**I.      INTRODUCTION**

---

[1] Hereafter, all references to "Section" in the Opposition are to provisions of the Bankruptcy Code, title 11 of the U.S. Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise indicated.  "FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "FRCP" refers to the Federal Rules of Civil Procedure.  The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

1

The Motion fails to present any evidence supporting cause for the Court to reconsider its order converting this case to chapter 7 after Debtor failed to comply with the terms of a Stipulation entered into voluntarily to resolve a motion under Section 1112(b) filed by the U.S. Trustee. Accordingly, Debtor has not met its burden to prevail on the Motion and it should be denied.

If the Court determines that the Debtor has carried its burden for relief to reconvert the case to Chapter 11, the U.S. Trustee requests that the Court schedule a status conference approximately 30 days after the hearing on the Motion for the purpose of monitoring the progress of case, including, but not limited to, whether a confirmation order has been lodged and/or docketed, and whether the Debtor has filed past due operating reports.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, and the Federal and Local Rules of Bankruptcy Procedure.

### I.      MEMORANDUM OF POINTS AND AUTHORITIES

#### FACTS

1.      On August 6, 2021, Millola Holdings LLC ("Debtor") filed a voluntary Chapter 11 petition under Subchapter V.  [ECF No. 1].

2.      On August 10, 2021, Timothy Nelson was appointed as the Subchapter V trustee. [ECF No. 8].

3.      On December 30, 2022, the U.S. Trustee filed a motion to convert or dismiss this case for cause, specifically because the Debtor failed to: comply with a scheduling order requiring Debtor to file a status report by a date certain; timely file monthly operating reports; confirm a plan within a reasonable time; and expeditiously prosecute this case ("Section 1112 Motion").  [ECF No. 53].

4.      On January 20, 2023, Debtor batch filed 10 months of monthly operating reports [ECF Nos. 58-67] and filed a three-page opposition to the Section 1112 Motion that did not include a supporting declaration.  [*See* ECF No. 68].

5. On January 31, 2023, Debtor filed an amended Subchapter V plan ("Plan") and an *ex parte* motion seeking an order setting a confirmation hearing. [*See* ECF Nos. 69-71].

6. The hearing on the Section 1112 Motion was held on February 1, 2023, and continued to February 15, 2023. [*See* ECF No. 74].

7. On February 13, 2023, the U.S. Trustee filed a stipulation ("Stipulation") between the U.S. Trustee and the Debtor which provides, *inter alia*, the following:

> Debtor shall confirm its Plan, or an amended version thereof, if at all, by an order confirming such Plan, no later than, and including, Monday, May 1, 2023.
>
> **If the Debtor fails to confirm its Plan, or an amended version thereof, if at all, by an order confirming such Plan, no later than, and including, Monday, May 1, 2023, then the U.S. Trustee shall submit an *ex parte* order to the Court converting this case to one under Chapter 7.**
>
> Debtor shall timely file its MORs on the 21st of the month following the reporting period and must cure any tardiness by filing the MOR within 5 business days thereafter (the "Cure Date").
>
> If the Debtor fails to timely file any MOR by the Cure Date then the U.S. Trustee shall submit an *ex parte* order to the Court converting this case to one under Chapter 7.
>
> If the Court approves this stipulation then the Motion shall be deemed resolved.

[*See* ECF No. 75, pp. 2-3 of 3; ¶¶ 10-14 (internal paragraph numbering omitted) (emphasis added)].

8. On February 21, 2023, the Court entered an order approving the Stipulation with the Stipulation attached to the order. [*See* ECF No. 77].

9. The continued hearing on the Section 1112 Motion was taken off calendar. [ECF No. 76].

10. On February 24, 2023, the Court entered an order setting a confirmation hearing for the Plan for April 5, 2023 ("Scheduling Order"). [*See* ECF No. 78].

11. On April 4, 2023, the Debtor, through its counsel, filed a ballot summary, brief in support of confirmation and a declaration in support of confirmation. [*See* ECF Nos. 83-85].

3

12. On April 5, 2023, the Debtor, through its counsel, filed a certificate of service indicating that on February 26, 2023, Debtor served the Plan, ballots for the Plan, Scheduling Order and notice of the confirmation hearing on the parties listed in the certificate. [ECF No. 86].

13. The official court docket for this case does not contain any filing responsive to the Plan. [*See generally* case docket].

14. No order has been docketed confirming the Plan. [*See generally* case docket].

15. Counting the day set for confirmation, April 5, 2023, and the deadline of May 1, 2023, Debtor had twenty-seven (27) days to lodge a confirmation order with the Court, for a Plan that appears to have been uncontested. [*See generally* case docket].

16. On May 1, 2023, the deadline set forth in the Stipulation, the Debtor, through its counsel, filed a hand-written monthly operating report for March 2023. [*See* ECF No. 87].

17. On November 29, 2023, as required by the Stipulation, the U.S. Trustee filed an *ex parte* motion to convert this case to Chapter 7 with a supporting declaration. [*See* ECF No. 88].

18. On November 30, 2023, the Court entered an order converting this case to Chapter 11 ("Conversion Order"). [*See* ECF No. 89].

19. On November 30, 2023, the U.S. Trustee filed and served a notice of entry of the Conversion Order. [*See* ECF Nos. 91 & 94].

20. On December 14, 2023, Debtor filed the Motion, which is four pages long and unsupported by a declaration or other form of evidence. [*See* ECF No. 99].

21. The Motion indicates that an order shortening time is pending. [*See* ECF No. 99, p. 1 of 4]. However, Debtor did not file a motion seeking to shorten time, a declaration in support of a motion to shorten time, or an attorney information sheet until December 22, 2023. [*See* ECF Nos. 101-103]. With regard to the issue of excusable neglect or inadvertence, the declaration of David Riggi in support of the motion for order shortening time simply provides that the "case was converted to a Chapter 7 with the result being that the unnecessary administration of the case as a Chapter 7 is ongoing, and an approved Chapter 11 plan has been affected (albeit a plan that has not

4

had a formal order confirming it, through inadvertence or other excusable circumstances)". [*See* ECF No. 102, p. 1 of 2; ¶3].

22. The Motion provides that, "[o]n April 5, 2023, a confirmation hearing was held and the court verbally confirmed the Plan. Through inadvertence and excusable neglect, the Debtor failed to upload an order confirming the Plan." [*See* ECF No. 99, p. 2 of 4; ¶5]. The Motion also provides, with regard to excusable neglect, that Debtor's counsel and principal experienced health issues during the applicable time period. [*See* ECF No. 99, p. 2 of 4, n. 1]. This assertion is not supported by any evidence provided in the Motion. [*See* ECF No. 99].

23. The Motion also provides that Debtor continues to perform all payment obligations in a stipulation with Deutsche Bank National Trustee Company. [*See* ECF No. 99, p. 2 of 4; ¶2]. This assertion is not supported by any evidence provided in the Motion. [*See* ECF No. 99].

24. In addition, the Motion provides that JPMorgan Chase Bank has been completely paid on its claim and the Internal Revenue Service Debtor has been, or will be, paid on its claim. [*See* ECF No. 99, p. 3 of 4; ¶7]. This assertion is not supported by any evidence provided in the Motion. [*See* ECF No. 99].

25. Debtor cites FRCP 60 as a ground for relief from the Conversion Order. [*See* ECF No. 99, p. 3 of 4; ¶8].

26. Debtor cites Section 706(b) as a ground for relief and asserts that "Debtor arguably has the right to have the case converted to Chapter 11." [*See* ECF No. 99, p. 3 of 4; ¶8].

27. In addition, Debtor requests, without citation to any portion of the Code, that if the case is not reconverted to Chapter 11, that it be dismissed. [*See* ECF No. 99, p. 4 of 4; ¶10].

## ARGUMENT

### A.   Legal Standards for Motions for Reconsideration

28. The FRCP provide two avenues through which a party may obtain reconsideration and/or relief from an entered order: 1) FRCP 59, made applicable in bankruptcy proceedings under FRBP 9023; and 2) FRCP 60, made applicable to bankruptcy proceedings under FRBP 9024.[2]

---

[2] The FRCP "do not recognize a motion for reconsideration." *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.),* 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004). If a motion for reconsideration is

5

"When taken together, Rule 59 and Rule 60 encompass all possible post-judgment relief: Rule 59 incorporates common law principles of equity for granting new trials, and Rule 60 preserves the relief afforded by ancient remedies for relief from settlement judgments while abolishing the separate and independent use of those remedies." *In re Walker*, 332 B.R. 820, 831-832 (Bankr. D. Nev. 2005). Reconsideration is the exception; as the Ninth Circuit has observed, it "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). *See also Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003); *In re Walker*, 332 B.R. at 826-27. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

29. FRBP 9024 provides that FRCP 60 applies in bankruptcy cases, except in certain instances which are not applicable here.

30. Relief under FRBP 9024, incorporating FRCP 60, may be granted on a number of different grounds, including Rule 60(b)(1), which permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect. *See* Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(b); *see also In re Walker*, 332 B.R. 820, 829-32 (Bankr. D. Nev. 2005).

31. "It has generally been held that a Rule 60(b) motion, at least in the context of bankruptcy cases, is an extraordinary remedy and that the grant or denial of such motion may be reviewed only for an abuse of discretion. 10 Levin and Sommer, Collier on Bankruptcy, ¶9024.05 at 9024-7 (16th ed. 2018). In general, the burden of proof is on the party bringing a Rule 60(b) motion." *In re Gonzalez,* No. 2:15-bk-25283-RK, 2019 Bankr. LEXIS 1031, p. *4 (Bankr. C.D. Cal. Mar. 29, 2019).

**B.      Legal Standards for Section 706(b)**

---

filed within 14 days after entry of judgment, the Court may construe it as a motion for relief from judgment under FRBP 9023, incorporating FRCP 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898-899 (9th Cir. 2001); *see also Khan v. Rund (In re Khan)*, No. CC-11-1542-HPaD, 2012 Bankr. LEXIS 2574, at *29 (B.A.P. 9th Cir. June 6, 2012).

6

32. Section 706(b) provides that the "[o]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time." *See* 11 U.S.C. §706(b).

33. The Court of Appeals for the Nine Circuit has held that:

> Congress left "[t]he decision whether to convert" a case under § 706(b) to "the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." H.R. Rep. No. 95-595, at 380 (1977); S. Rep. No. 95-989, at 94 (1978) (same); *cf. Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806-07 (9th Cir. 2001) (reviewing for abuse of discretion a decision to convert a bankruptcy case to a Chapter 7 case). A bankruptcy court abuses its discretion if it applies the wrong legal standard or if "its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 887-88 (9th Cir. 2010).

*S. River Cap., LLC v. Kane (In re Kane)*, No. 22-16253, 2023 U.S. App. LEXIS 30383, pp. *1-2 (9th Cir. Nov. 15, 2023).

34. "The burden is on the moving party to establish that the case should be converted under Section 706(b)." *Lafountaine v. Grobstein (In re Lafountaine)*, No. CC-15-1426-LKiTa, 2016 Bankr. LEXIS 2218, p. *8 (B.A.P. 9th Cir. June 7, 2016).

35. Local Rule of Bankruptcy Procedure 9014(c)(1) provides that a motion "must state the facts on which it is based and must contain a legal memorandum. If factual issues are contested, the court will not grant the contested relief unless admissible evidence is offered in support of the relief requested." L.R. 9014(c)(1).

36. The Stipulation required that an order confirming the Plan be docketed by May 1, 2024, and if that did not occur that the U.S. Trustee must file an *ex parte* motion to convert the case. [*See* ECF No. 75, pp. 2-3 of 3; ¶¶ 10-14]. The Stipulation was approved by a Court order. [*See* ECF No. 77]. Pursuant to the terms of the Stipulation, the U.S. Trustee moved to convert after no confirmation order appeared on the docket by May 1, 2023, and the case was converted. [*See* ECF Nos. 88-89].

7

37.     Debtor requests relief from conversion pursuant to Fed. R. Civ. P. 60 or Section 706(b) because of excusable neglect due to health issues that occurred "during the applicable time period." [*See* ECF No. 99, p. 2 of 4; ¶5 & n.1]. The Motion is not supported by evidence. [*See* ECF No. 99]. The case docket indicates that: (1) confirmation of the Plan was noticed for April 5, 2023 [*see* ECF No. 81]; (2) no opposition or other response was filed to the Plan [*see generally* case docket]; (3) on April 4, 2023, the Debtor, through its counsel, filed a ballot summary, a brief in support of confirmation and a supporting declaration of Milton Gay [*see* ECF Nos. 83-85]; (4) on April 5, 2023, the Debtor, through its counsel, filed a certificate of service of the Plan, ballots, Scheduling Order and notice of the confirmation hearing [*see* ECF No. 86]; and, (5) on May 1, 2023, the Debtor, through its counsel, filed a monthly operating report for March 2023 that is signed by Debtor's representative and, except for the attached bank statements, is hand written [*see* ECF No. 87, pp. 1-6 of 10]. Accordingly, the case docket indicates that the Debtor was actively filing documents during the period immediately before and on the confirmation hearing date of April 5, 2023, and on the Stipulation deadline of May 1, 2023. In addition, the case docket does not indicate any docket activity for almost seven (7) months after the expiration of the May 1, 2023 deadline, until the U.S. Trustee filed her *ex parte* motion to convert on November 29, 2023.

38.     If the Court determines that the Debtor has carried its burden for relief under the Motion to reconvert the case to Chapter 11, the U.S. Trustee respectfully requests that the Court schedule a status conference approximately 30 days after the hearing on the Motion for the purpose of monitoring the status of the case, including, but not limited to, whether a confirmation order has been lodged and/or docketed, and whether the Debtor has filed past due operating reports.

**WHEREFORE**, the U.S. Trustee requests that the Court sustain her Opposition, deny the Motion, and grant such relief as is just and equitable.

Dated:  December 27, 2023            Respectfully submitted,

                                                         **TRACY HOPE DAVIS**
                                                         **UNITED STATES TRUSTEE, REGION 17**

                                                         By:  */s/ Edward M. McDonald Jr.*
                                                             Edward M. McDonald Jr., Esq., Trial Attorney