David A. Riggi, Esq. NV Bar No. 4727
7900 W. Sahara Avenue Suite 100
Las Vegas, NV 89117
Ph:    1-702-463-7777
Fax:    1-888-306-7157
E-mail:RiggiLaw@gmail.com
*Attorney for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>MILLOLA HOLDINGS LLC,<br><br>　　　　Debtor | Case No.: 21-13893-ABL<br><br>Chapter 7<br>Hearing Date:  1-17-2024<br><br>Hearing Time: 1:30 p.m. |

### SUPPLEMENT TO MOTION TO CONVERT TO CHAPTER 11, OR DISMISS CHAPTER 7, OR REINSTATE CHAPTER 11

Millola Holdings LLC("Debtor"), by and through its attorney, David A. Riggi, pursuant to Bankruptcy Rule 9006(c) and submits this supplement to its MOTION TO CONVERT TO CHAPTER 11, OR DISMISS CHAPTER 7, OR REINSTATE CHAPTER 11 ("Motion").

Although the Motion requests a conversion back to Chapter 11 (which Debtor believes can be determined and allowed independently) as well as a dismissal (which, similarly, can be determined and allowed independently from the other requests of the Motion) this brief focuses on the third independent request - that the case be "reinstated." This request for reinstatement of the case, of course, means that this Court allow relief, pursuant to Bankruptcy Rules 9024 and 9006, from the order converting the case to Chapter 7, as a result of inadvertence and/or excusable neglect.

The standard for determining excusable neglect in a bankruptcy context was clearly set forth by the United States Supreme Court in the case of *Pioneer Investment Services Company*

*v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). In that case, the party arguing against relief from an order argued that "any showing of fault on the part of the late filer would defeat a claim of 'excusable neglect.'" *Id*. at 388. The Court disagreed, stating that "[w]e think that petitioner's interpretation is not consonant with either the language of the Rule or the evident purposes underlying it." *Id.* Specifically, the Court reasoned:

> [B]by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Contrary to petitioner's suggestion, this flexible understanding of "excusable neglect" accords with the policies underlying Chapter 11 and the bankruptcy rules. …. The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. See *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by ***the overriding goal of ensuring the success of the reorganization***. See *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

*Id.* at 388-89(emphasis added).

Finally, *Pioneer* sets forth four factors to determine when a movant's circumstances may be considered "excusable." These factors are: [(1)] the danger of prejudice to the [non-moving party], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith. " *Id.* at. 395.

As evidenced by the attached declarations ("*Declaration of Milton Gay*" and "*Declaration of David A. Riggi*"), the circumstances, when applying the four factors, clearly militate in favor of finding excusable neglect and/or inadvertence and allowing relief from the order, thereby reinstating the case.

Dated this 16 day of January, 2024.

/s/ *David A. Riggi*
David A. Riggi, Esq.
7900 W. Sahara Avenue Suite 100
Las Vegas, NV 89117
Ph:   1-702-463-7777
Fax: 1- 888-306-7157
E-mail: RiggiLaw@gmail.com
***Attorney for the Debtor***