David A. Riggi, Esq**.**
Law Office of David A. Riggi, Esq.
7900 W Sahara Ave #100
Las Vegas, Nevada 89117
Telephone: (702) 463-7777
Facsimile:  (888) 306-7157
RiggiLaw@gmail.com
***Attorney for the Debtor***

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.:21-13893-ABL |
| MILLOLA HOLDINGS LLC, | Chapter 7 |
| Debtor | Date: January 17, 2024 |
| | Time: 1:30 p.m. |

**DECLARATION OF MILTON GAY
IN SUPPORT OF
MOTION TO CONVERT TO CHAPTER 11,
OR DISMISS CHAPTER 7, OR REINSTATE CHAPTER 11**

I, Milton Gay, declare, under penalty of perjury, the following:

1. I am a resident of Las Vegas Clark County, Nevada, and I am the member-manager of Millola Holdings LLC (Company"). I make this statement based on my actual knowledge and personal experience. My statements are based upon the best of my recollection.

2. The Company has prosecuted this case in good faith and has attempted to abide by all laws, rules, and policies of bankruptcy reorganization. We have done everything that our attorney has asked of us and we have tried to do everything in as timely a manner as possible and we believe we that have.

3. There have been only three creditors in this case, and only one creditor currently remains as being owed anything by the Company.  That one remaining creditor, Deutsche Bank, the mortgage holder on one of the properties, will continue to be treated in exactly the way that the plan proposes. We have not missed any payments and we plan on continuing to make timely payments.  The last payment

we sent out to Deutsche Bank was this month for the month of January 2024. We are also continuing to directly pay property taxes and insurance on the properties.

4. Another creditor, J.P. Morgan Chase, which had a credit card claim, has been paid completely. We did this ahead of time because we wanted to expedite the possibility of obtaining not only plan completion of payments but also a discharge and closing. So, when considering all the creditors that the Company has had, no creditors will be prejudiced by allowing the Chapter 11 to continue and allowing the plan to be formally confirmed.

5. The third creditor, the IRS, filed a proof of claim in the amount of $200 based on estimated taxes. We have filed all tax returns and no money is owed.

6. So based on the Company's treatment of these three creditors and our payments under the plan, we believe that we have done all we can do to have the administration of the case proceed as expeditiously as possible. We also believe that allowing the plan confirmation and Chapter 11 to proceed, the timely administration of the case will not be affected in any manner, including the timely eventual discharge and closing of a Chapter 11 case.

7. I suffered a health setback in early May which required surgery and made it very difficult to continue to monitor the case and keep up with my maintenance of the Company's property. The health setback was beyond my control, of course, as well as any health concerns of my attorney. I am now able to fulfill all my obligations and duties as the member-manager of Millola Holdings LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this January 15, 2024.

/s/ Milton Gay
Milton Gay
Member-Manager of
Millola Holdings LLC